IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA L. COLLINS,

      Plaintiff,                          No. CIV S-09-1816 FCD EFB PS

      vs.

CHESAPEAKE COMMONS HOLDINGS,
LLC, and SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY, DOES 1-20,

      Defendants.                     ORDER
_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E. D. Cal. L. R. ("Local Rule") 72-302(c)(21).

      Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted the affidavit required thereunder which demonstrates that she is unable to prepay fees and costs or give security thereof.  Accordingly, plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

      The instant complaint challenges the failure of defendant Sacramento Housing and Redevelopment Agency ("SHRA") to assist plaintiff in challenging an unlawful detainer complaint filed against her by defendant Chesapeake Commons Holdings LLC ("CCH"), on

1

April 17, 2007, which resulted in plaintiff's eviction from "Section 8" housing (U.S. Housing Act, United States Code, Title 42, Section 8).  Plaintiff claims that the SHRA told her it would send a representative to the hearing to appear on plaintiff's behalf, but failed to do so.  She asserts that the SHRA informed plaintiff, that: (1) CCH improperly failed to place plaintiff and her minor child in a two-bedroom, rather than one-bedroom, apartment, yet continued to receive the SHRA subsidy and plaintiff's rent as though she resided in a two-bedroom unit; (2) plaintiff was not behind in her rent; and (3) plaintiff was not behind in payment for trash and water expenses but, even if she had been, she had sufficient escrow funds in reserve to pay the alleged expenses.  She contends that had the SHRA provided a representative to attend the unlawful detainer hearing, this information could have been provided to the court during the hearing.  She further suggest that as a result of defendants' alleged failure to do so plaintiff was evicted.  She claims that this caused her to "suffer[ ] grave damage wherein she lost her home, her belongings and her credit was ruin[ed], preventing her from being able to obtain other safe, decent and suitable living environment for herself and her minor child."  Compl., at 9.

Plaintiff predicates this court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, based federal statutory claims of unfair and unequal treatment in violation of "42 U.S.C. Section 1981 et seq." Compl., at 2.  These claims allegedly include the following: (1) housing discrimination, based on the negligent and/or fraudulent misuse of federal funds in violation of the Fair Housing and Equal Opportunity Act, Executive Order 11063 (prohibiting, inter alia, discrimination in the rental of properties provided with federal funds), as applied against plaintiff because of her race; (2) conspiracy to violate plaintiff's civil rights, in violation of 42 U.S.C. § 1985; and (3) intentional discrimination and/or failure to take reasonable steps to prevent discrimination.  Plaintiff alleges emotional distress and seeks $1,000,000 in damages.

While the contours of plaintiff's claims require further definition, including whether this court has subject matter jurisdiction over what may prove to be an improper "appeal" of a state

////

court decision,[1] the court will order service of the complaint without prejudice to any Rule 12 motion, or motion under Rule 56, that the defendants might file in this action.

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court is directed to issue summons forthwith pursuant to Fed. R. Civ. P. 4.

2. The Clerk of Court shall send plaintiff two USM-285 forms, one summons, a copy of the file endorsed complaint, this court's "Order Requiring Joint Status Report," and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes, and the court's voluntary dispute resolution program.

3. Plaintiff is advised that the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant;

    c. A copy of the file endorsed complaint for each defendant, with an extra copy for the U.S. Marshal; and,

    d. A copy of this court's "Order Requiring Joint Status Report" and related documents for each defendant.

4. Plaintiff shall supply the United States Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall, within 10 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal.

5. The United States Marshal shall serve process, with copies of this court's status order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. The United States Marshal shall, within 10 days thereafter, file a

---

[1] A federal district court does not have jurisdiction to review legal errors in state court decisions. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

1 statement with the court that said documents have been served. If the U.S. Marshal is unable, for
2 any reason, to effect service of process on any defendant, the Marshal shall promptly report that
3 fact, and the reasons for it, to the undersigned.

4     6. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501
5 "I" Street, Sacramento, CA 95814 (Tel. 916-930-2030).

6     SO ORDERED.

7 DATED: October 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4