IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA L. COLLINS,

    Plaintiff,

vs.

CHESAPEAKE COMMONS HOLDINGS, LLC; SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY; and DOES 1-20,

    Defendants.
_____/

No. CIV S-09-1816 FCD EFB PS

FINDINGS AND RECOMMENDATIONS

This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On May 11, 2011, the court heard defendant Sacramento Housing and Redevelopment Agency's ("SHRA") motion for summary judgment. Dckt. No. 28. Attorney Melissa Greenidge appeared at the hearing on behalf of SHRA. Plaintiff failed to appear at the hearing.[1]  For the reasons that follow, the court recommends that SHRA's motion for summary judgment be granted.

---

[1] The motion was originally noticed for hearing on April 6, 2011. However, because plaintiff failed to timely file an opposition or statement of non-opposition to the motion, the hearing was continued and plaintiff was ordered to file a response to the motion and to show cause why she should not be sanctioned for her failure. Dckt. No. 29. Plaintiff filed a response to the order to show cause and an opposition to the motion on April 27, 2011, which the court has considered. Dckt. Nos. 30, 31.

1

I.  BACKGROUND

On July 1, 2009, plaintiff filed a complaint against SHRA and Chesapeake Commons Holdings, LLC ("CCH"), alleging that both defendants violated the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* ("FHA").[2] Dckt. No. 1, Compl.  Plaintiff raises the following claims: (1) SHRA discriminated against plaintiff because of her race in violation of the FHA; (2) SHRA and CCH conspired to violate plaintiff's rights in violation of 42 U.S.C. § 1985; and (3) SHRA and CCH "failed to take reasonable steps necessary to prevent discrimination" against plaintiff.  *Id.* at 9-10.  On February 4, 2011, SHRA filed an answer to plaintiff's complaint, Dckt. No. 9, and now seeks summary judgment.  SHRA's Mot. For Summ. J. ("SHRA's MSJ"), Dckt. No. 28.

II.  DEFENDANT SHRA'S MOTION FOR SUMMARY JUDGMENT

A.  Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Summary judgment avoids unnecessary trials in cases with no genuinely disputed material facts.  *See N. W. Motorcycle Ass'n v. U .S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, Rule 56 serves to screen

---

[2] Plaintiff's complaint is not signed under penalty of perjury and ordinarily would not be considered as evidence at the summary judgment stage.  *Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006).  Here, SHRA is entitled to summary judgment even taking into consideration plaintiff's unverified complaint.

the latter cases from those which actually require resolution of genuine disputes over material facts; e.g., issues that can only be determined through presentation of testimony at trial such as the credibility of conflicting testimony over facts that make a difference in the outcome. *Celotex*, 477 U.S. at 323.

If the moving party meets its initial responsibility, the opposing party must establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n. 11.

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could

not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita*, 475 U.S. at 587 (citation omitted).

B.     Facts

SHRA administers a Housing Choice Voucher program ("HCV") (formerly known as Section 8) which provides rent subsidies for qualified tenants in privately owned rentals, in compliance with federal guidelines. SHRA's Statement of Undisputed Material Facts ("SUF"), Dckt. No. 28-2, ¶ 2.[3] CCH is the owner of an apartment complex in Rancho Cordova, California.

Plaintiff is a participant in the HCV program. Compl. at 3. In 2004, she moved into a one-bedroom apartment owned by CCH. *Id.*; SUF ¶ 12. Plaintiff alleges that although under SHRA guidelines she was eligible for a two-bedroom apartment, CCH assigned her a one-bedroom apartment when she moved in.[4] Compl. at 3-4. Plaintiff also alleges that she contacted SHRA several times to complain about the situation but that "SHRA did nothing to remedy the problem." *Id.* at 4-5.

In April 2007, CCH initiated unlawful detainer proceedings against plaintiff based on an alleged failure to pay sums due under her lease. *Id.* at 5; SUF ¶ 14. Plaintiff alleges that she informed SHRA about the eviction notice and "the court appearance."[5] *Id.* Plaintiff claims SHRA "told [her] that they would send someone to the Court on the day of the hearing to verify that [plaintiff] did not owe any rent or water and trash payments" to CCH. *Id.* at 6. No SHRA representative appeared at the eviction hearing. *Id.* Plaintiff alleges SHRA's actions violated

---

[3] All citations to the Statement of Undisputed Material Facts herein incorporate by reference those citations stated in the SUF in support of each undisputed fact.

[4] After an eligibility determination, SHRA issues a housing voucher to the tenant which specifies the maximum sized housing unit for which the tenant is eligible. SUF ¶¶ 3, 4. SHRA does not provide housing location services. SUF ¶ 6.

[5] However, plaintiff did not provide SHRA with a copy of the eviction notice. *See* Compl.; Opp'n. Instead, she "told" SHRA the date of the eviction hearing." Compl. at 8.

4

her rights. *Id.* at 8. However, SHRA does not provide tenants with legal representation, SUF ¶ 11, and it is the tenant's responsibility to comply with the HCV program's rules. SUF ¶ 7. SHRA made no overt discriminatory acts against plaintiff, such as asking questions or making comments about her race. SUF ¶ 25.

At the eviction hearing, the Sacramento County Superior Court entered judgment in favor of CCH. SUF ¶ 16.[6] Thereafter, plaintiff was evicted from her apartment. SUF ¶ 18. When SHRA received notice that plaintiff was evicted, it sent her a "Notice of Proposed Termination" of her benefits under the HCV program, as well as a notice of a scheduled "Tenant Conference." SUF ¶ 19. Plaintiff did not timely respond to the notices or attend the Tenant Conference, and effective June 30, 2008, plaintiff's benefits under the HCV program were terminated due to her failure to meet tenant obligations. SUF ¶¶ 20, 21.

Plaintiff does not dispute that she had an obligation to pay rent or utilities, or otherwise follow the rules of the HCV program, and she does not dispute that she would lose HCV benefits if she did not pay rent or was evicted. SUF ¶¶ 23, 24. Instead, plaintiff's claims against SHRA are based on the following allegations against SHRA: (1) SHRA allowed CCH to put plaintiff and her child into a one-bedroom apartment instead of a two-bedroom apartment even though she qualified for a two-bedroom; (2) SHRA failed to appear at plaintiff's eviction hearing to support her position that she was not behind in payments to CCH; and (3) SHRA did not allow plaintiff the opportunity to request a tenant conference before she was evicted and terminated from the HCV program. *See* Compl.

////

////

////

---

[6] Plaintiff does not dispute that a judgment was entered in CCH's favor. *See* Compl. at 7. She does dispute the contention that judgment was entered in CCH's favor because of plaintiff's failure to pay rent, and instead contends that the judgment for CCH was based on plaintiff's alleged failure to pay the trash and water bills. *See* Dckt. No. 31-1, ¶ 16.

C.     Analysis

    1.     Violation of Fair Housing Act

Plaintiff's first cause of action alleges that SHRA violated the FHA. The FHA prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). The Ninth Circuit applies Title VII discrimination analysis in examining FHA discrimination claims. *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997).

A plaintiff can establish a prima facie case of FHA race discrimination using two methods.[7] The first method requires that the plaintiff offer evidence of discriminatory intent to show that a housing decision was made in violation of the FHA. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 (1977). When a plaintiff has provided direct and circumstantial evidence of discriminatory intent, she has established a prima facie case of race discrimination under the FHA and may be able to survive a motion for summary judgment on that evidence alone. *Lowe v. City of Monrovia*, 775 F.2d 998, 1008 (9th Cir. 1985).

The second method of establishing a prima facie case of race discrimination under the FHA is to demonstrate disparate treatment under the *McDonnell Douglas* burden-shifting test. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1999); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). Under this method, to make a prima facie case for disparate treatment, the plaintiff must allege facts that demonstrate: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified to receive services from SHRA; (3) SHRA denied plaintiff the services for which she was qualified; and (4) SHRA provided the services it denied to plaintiff to a similarly situated party during a period relatively near the time plaintiff was denied the

---

[7] A plaintiff can also establish an FHA discrimination claim under a theory of disparate impact. Here, plaintiff did not state such a claim. Therefore, the undersigned will not address the disparate impact theory.

6

services. *Gamble*, 104 F.3d at 305. Once the plaintiff has established the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the action. *Id.* If the defendant meets its burden, the presumption of discrimination raised by the prima face case "simply drops out of the picture." *St. Mary's Honor Ctr. v. Hicks & Co.*, 509 U.S. 502, 510 (1993); *Sanghvi v. City of Claremont*, 328 F.3d 532, 537 (9th Cir. 2003). Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory. *St. Mary's Honor Ctr.,* 509 U.S. at 510.

SHRA argues that plaintiff has failed to establish a prima facie case of housing discrimination by SHRA under either method and therefore it is entitled to summary judgment. SHRA's MSJ at 6-9.[8]

### a. Discriminatory Intent Method

SHRA argues that plaintiff lacks any direct evidence of discrimination. SHRA's MSJ at 7. The undersigned agrees. The record is devoid of any evidence of discriminatory intent. Plaintiff provides no factual allegations or evidence regarding SHRA's intent to discriminate against her beyond her bare assertion that SHRA did not protect her from discrimination by CCH "because of her race." Compl. at 9. In fact, plaintiff does not dispute that she has no evidence to support her claim for racial discrimination. Dckt. No. 28-2, SUF ¶ 25, 26; Dckt. No. 31-1, ¶¶ 25, 26. Therefore, plaintiff has failed to establish a prima facie case of racial discrimination against SHRA under the discriminatory intent method.

### b. McDonnell Douglas Method

However, even absent evidence of discriminatory intent, plaintiff can establish a prima facie case of race discrimination under the FHA if she can demonstrate disparate treatment under

---

[8] SHRA also argues that it is entitled to summary judgment because plaintiff's FHA claim is barred by the statute of limitations. However, because SHRA is entitled to summary judgment on alternate grounds, the statute of limitations issue need not be addressed.

the *McDonnell Douglas* burden-shifting test. As discussed above, under this method, plaintiff must allege facts that demonstrate: (1) she is a member of a protected class; (2) she was qualified to receive services from SHRA; (3) SHRA denied her the services for which she was qualified; and (4) SHRA provided the services it denied to her to a similarly situated party during a period relatively near the time plaintiff was denied the services. *Gamble*, 104 F.3d at 305.

Plaintiff, as an African-American, is a member of a protected class and satisfies the first element. SHRA contends, however, that plaintiff's three claims against SHRA (for allowing CCH to place plaintiff in a one-bedroom apartment, for failing to appear at plaintiff's eviction hearing to support her position that she was not behind in payments to CCH, and for not allowing her the opportunity to request a tenant conference before she was evicted and terminated from the HCV program) do not establish the remaining elements of a prima facie case of racial discrimination under the *McDonnell Douglas* method. SHRA's MSJ at 8.

### I. Housing Location Assistance

Although plaintiff alleges that SHRA violated the FHA by allowing CCH to put plaintiff and her child into a one-bedroom apartment instead of a two-bedroom apartment even though she qualified for a two-bedroom, plaintiff does not dispute that SHRA does not locate housing for tenants in the HCV program. Dckt. No. 28-2, SUF 6; Dckt. No. 31-1, ¶ 6. She also does not allege and has not provided any evidence to suggest that SHRA assisted other similarly situated parties in locating housing. Therefore, plaintiff is unable to establish a prima facie case of race discrimination against SHRA based on this claim.

### ii. Appearance at Unlawful Detainer Hearing

Plaintiff also contends that SHRA violated the FHA by failing to appear at her eviction hearing to support her position that she was not behind in payments to CCH. However, like the flaw with plaintiff's claims premised on a failure to find her a two-bedroom apartment, this is simply not a function of SHRA. Plaintiff does not dispute that SHRA does not provide tenants with legal representation. Dckt. No. 28-2, SUF 11; Dckt. No. 31-1, ¶ 11. She has not alleged

and has not provided any evidence to suggest that SHRA provided this service to other similarly situated parties. Therefore, plaintiff is unable to establish a prima facie case of race discrimination against SHRA based on this claim as well.[9]

### iii. Tenant Conference

Finally, although plaintiff argues that SHRA violated the FHA by not allowing plaintiff the opportunity to request a tenant conference before she was evicted and terminated from the HCV program, plaintiff does not dispute that as a participant in the HCV program, she was required to comply with the HCV program rules to remain eligible for the housing voucher. SUF ¶ 7. Under the rules, plaintiff was required to give SHRA a copy of any eviction notices she received.[10] 24 C.F.R. § 982.551(g). Also, plaintiff does not dispute that SHRA is required to terminate a tenant from the HCV program if the tenant is evicted. Dckt. No. 28-2, SUF ¶ 9; Dckt. No. 31-1, ¶ 9; *see also* 24 C.F.R. § 982.552(b)(2). Further, plaintiff does not dispute that when SHRA proposes to terminate a tenant's benefits, it notifies the tenant by sending the tenant a Proposed Termination Notice, and allows the tenant an opportunity to request an informal hearing, called a tenant conference. Dckt. No. 28-2, SUF ¶ 10; Dckt. No. 31-1, ¶ 10.

Here, plaintiff does not allege that she gave SHRA a copy of the eviction notice she received from CCH, as she was required to do. Rather, she alleges that she "contacted [SHRA]

---

[9] Plaintiff also alleges that SHRA did not pay CCH for plaintiff's water and trash bills. Dckt. No. 31-1, ¶ 22. But, plaintiff also alleges that SHRA had proof that the water and trash payments were up to date. Compl. at 6. Similarly, in her deposition, plaintiff stated that SHRA never refused to make a payment on her behalf and never missed a payment. Dckt. No. 28-2 at 32-33. To the extent plaintiff is alleging that SHRA should have supported her in the eviction hearing by providing proof that it had paid plaintiff's water and trash bills, SHRA is entitled to summary judgment. SHRA does not provide legal representation on behalf of the HCV program participants and plaintiff has not alleged that SHRA appeared at eviction hearings on behalf of other participants to show proof of rent or utility payments.

[10] Plaintiff disputes this. She claims that it is the landlord's responsibility to provide SHRA with a copy of any eviction notice. Dckt. No. 31-1, ¶ 8. While this may be the case under the rental agreement between CCH and plaintiff, as a participant in the HCV program, plaintiff was required to provide SHRA with a copy of her eviction notice. *See* 24 C.F.R. § 982.551(g).

about the eviction" and SHRA "should have been notified of any problems with the housing contract" between her and CCH. Pl.'s Opp'n to MSJ ("Opp'n") at 3, 6. It is unclear how SHRA learned of plaintiff's eviction, but when it did, it mailed her a Notice of Proposed Termination and a notice about a Tenant Conference.[11] Plaintiff does not allege that SHRA denied her services she was qualified for – in this case, the opportunity to have a tenant conference. Plaintiff's complaint is that she did not receive the notices until after she was evicted. However, in light of plaintiff's failure to provide SHRA with a copy of her eviction notice and her failure to allege that SHRA denied her services that she was qualified for, plaintiff fails to establish a prima facie case of disparate treatment by SHRA.

Accordingly, SHRA is entitled to summary judgment on plaintiff's claim that SHRA violated the FHA.

          2. <u>Conspiracy</u>

Plaintiff's second cause of action alleges that CCH and SHRA entered into a conspiracy to violate her civil rights in violation of 42 U.S.C. § 1985(3).[12] Compl. at 10. SHRA contends that plaintiff cannot establish a prima facie case of conspiracy and seeks summary judgment.[13] SHRA's MSJ at 12-13.

Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any

---

[11] Although plaintiff states that she disputes this fact, it does not appear she does. Dckt. No 31-1, ¶ 19. She contends that she never received the notices. *Id.* However, she also states that she received the notices after she had been evicted. Opp'n at 4.

[12] Plaintiff makes her claim pursuant to 42 U.S.C. § 1985 without specifying the applicable subsection. The applicable subsection is (3). *See* 42 U.S.C. § 1985 (subsection one prohibits conspiracies to prevent an officer from performing his duties; subsection two prohibits conspiracies to obstruct justice in a court of law).

[13] SHRA also contends that plaintiff's conspiracy claim is barred by the statute of limitations. However, because SHRA is entitled to summary judgment on alternate grounds, this issue need not be addressed.

act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). The first element also requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985).

Here, plaintiff lists the following allegations in support of her conspiracy claim: (1) "SHRA was notified on numerous occasions about the problems [plaintiff] was having" with CCH but did not investigate the problems; (2) CCH did not inform SHRA that it initiated eviction proceedings against plaintiff; (3) SHRA did not investigate when plaintiff complained that she was living in a one-bedroom apartment, while paying rent for a two-bedroom, even though she was qualified to live in a two-bedroom apartment; and (4) SHRA did not attend plaintiff's eviction hearing.[14] Dckt. No. 28-2, SUF 27. Assuming arguendo that this evidence satisfies the second element of conspiracy (acts in furtherance of the conspiracy) and that plaintiff can establish the third element, plaintiff fails to set forth any facts alleging that SHRA agreed with CCH or any other person to take any specific action to injure plaintiff. *See, e.g., Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (to state a

---

[14] In her deposition, plaintiff stated that other than the allegations in her complaint, she could offer no further facts to support a conspiracy claim. Dckt. No. 28-2 at 35-36. However, in her opposition to SHRA's summary judgment motion, plaintiff disputes this. She cites SHRA's failure to investigate problems plaintiff had with CCH and SHRA's failure to investigate whether plaintiff was paying rent for a two-bedroom apartment rather than a one-bedroom apartment as further evidence to support the conspiracy claim. *See* Dckt. No. 31 at 1-4. Ordinarily, statements a party makes in a declaration that contradict that party's statements during a deposition will not be considered. *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975). Here, SHRA is entitled to summary judgment even taking into consideration plaintiff's additional support. All of plaintiff's evidence is included in the discussion here.

11

1 claim for conspiracy, a plaintiff must demonstrate the existence of an agreement or meeting of
2 the minds to violate constitutional rights).  Because plaintiff has offered no evidence that there
3 was a meeting of the minds between CCH and SHRA or an agreement between the defendants
4 designed to deprive plaintiff of her civil rights, SHRA is entitled to summary judgment on
5 plaintiff's conspiracy claim.

        3.   Failure to Prevent Discrimination

7   Plaintiff alleges that SHRA "failed to take reasonable steps necessary to prevent
8 discrimination against [her] by violating [her] rights to housing." Compl. at 10.  Plaintiff
9 contends that this constitutes "unlawful housing practices." *Id.*  In her opposition plaintiff
10 attempts to clarify this claim, stating, "I am entitled to protection from unlawful conduct of
11 landlords who receive federal funds for qualified [HCV] recipients.  The problems which I
12 encountered were supposed to be dealt with before they reached the point of eviction. . . .
13 Therefore, with malice [a]forethought they discriminated against me and violated my rights as a
14 [section 8] recipient." Opp'n at 5.

15   As an initial matter, while plaintiff contends that SHRA discriminated against her thereby
16 violating her rights, plaintiff does not specify whether this discrimination was based on race,
17 gender or some other status.  Additionally, plaintiff does not identify the legal theories pursuant
18 to which she intends to proceed on this discrimination claim and her pleadings do not contain
19 factual allegations sufficient to raise a right to relief on any such theories beyond the speculative
20 level.

21   The California Fair Employment and Housing Act makes it unlawful for  "the owner of
22 any housing accommodation to discriminate against . . . any person because of the race . . . of
23 that person." Cal. Gov't Code § 12955(a).  Section 12955(g) makes it unlawful for any person to
24 aid or abet "the doing of any acts" that are declared unlawful by section 12955(a).  The
25 definition of person does not include a public entity, like SHRA.  *See* Cal. Gov't Code
26 § 12925(d).  To the extent plaintiff alleges that SHRA aided or abetted CCH's discrimination

against plaintiff, and thereby failed to prevent CCH from discriminating against plaintiff based on her race, SHRA is entitled to summary judgment.

SHRA argues there is no cognizable claim for failure to prevent discrimination and the undersigned agrees. Therefore, SHRA should be granted summary judgment on this claim.

III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendant SHRA's motion for summary judgment, Dckt. No. 28, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2011.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE