IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA L. COLLINS,

             Plaintiff,

    vs.

CHESAPEAKE COMMONS
HOLDINGS, LLC; et al.

             Defendants.

_____/

Civ. No.  S-09-1816 KJM EFB

ORDER

I.   <u>Bill of Costs</u>

        Plaintiff filed a complaint against defendants Chesapeake Commons Holdings LLC and the Sacramento Housing and Redevelopment Agency (SHRA) under 42 U.S.C. §§ 3601 et seq. (Fair Housing Act) and 42 U.S.C. § 1985 (conspiracy to violate civil rights).  On August 8, 2011, this court adopted the magistrate judge's Findings and Recommendations and granted SHRA's motion for summary judgment.  On August 22, 2011, the court entered judgment for SHRA, which then filed a bill of costs, seeking reimbursement for $1,283.05 in fees for transcripts used in support of its motion for summary judgment (ECF No. 39).  Plaintiff filed a document entitled "Emergency Request To Vacate Defendant Sacramento Housing and Redevelopment Agency's Order For Payment Of Costs" (ECF No. 42), in which she averred that

1   she could not afford SHRA's costs and that she is proceeding in forma pauperis.  SHRA counters

2   that her indigency is not a proper ground for the denial of its request for costs.[1]

3                    Under Rule 54(d) of the Federal Rules of Civil Procedure, a court may award

4   those costs listed in 28 U.S.C. § 1920 to a prevailing party.  *Crawford Fitting Co. v. J.T.*

5   *Gibbons, Inc.*, 482 U.S. 437, 441 (1987).  Although the court previously found SHRA entitled to

6   costs (ECF No. 38), the court has reconsidered that determination in light of plaintiff's showing.

7                    Although Rule 54(d) creates a presumption in favor of awarding costs, a district

8   court has the discretion to deny costs if it finds that the case is not "ordinary."  *Ass'n of Mexican-*

9   *American Educators  v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc);

10   *Mansourian v. Board of Regents*, 566 F. Supp. 2d 1168, 1171 (E.D Cal. 2008).   In making its

11   determination, the court should consider the losing party's resources, the financial disparity

12   between the parties, the chilling effect of imposing costs on future litigants, the difficulty,

13   closeness and/or importance of the issues and the losing party's good faith in litigating, among

14   others.  *Ass'n of Mexican-American Educators*, 231 F.3d at 593; *Mansourian*, 566 F. Supp. 2d at

15   1171; *Van Horn v. Dhillon*, 2011 WL 66244, at *2-3 (E.D. Cal. Jan. 10, 2011).

16                    Although the issues in this case were neither novel nor close, the financial

17   disparity between the parties and plaintiff's indigence support a denial of costs.  Plaintiff avers

18   that she has not worked since July 2009, subsists on $998 a month in unemployment benefits,

19   and is barely able to cover her monthly expenses.  ECF No. 42 at 1.  Although the costs SHRA

20   seeks are perhaps not great compared to other litigation, they exceed plaintiff's monthly income;

21   the award of costs in such a case may well have a chilling effect on future litigants.

22   /////

23   /////

24

---

25      [1] SHRA characterizes plaintiff's request as a premature motion for reconsideration under

26   Rule 59 of the Federal Rules of Civil Procedure.   The court, however, construes the request as
an objection to SHRA's bill of costs under L.R. 292(c).

II.  Further Scheduling

On December 28, 2011, the court received notice that the VDRP process had been completed but that the case had not settled.  The court therefore directs the parties remaining in this action to file a further status report within thirty days of the date of this order, proposing trial dates and addressing whether further settlement efforts are warranted.

IT IS THEREFORE ORDERED that:

1.  The issues raised by plaintiff's "emergency" request (ECF No. 42) are resolved and SHRA's bill of costs (ECF No. 39) is denied; and

2.  Plaintiff and defendant Chesapeake Commons are directed to file a joint status report within thirty days of the date of this order.

DATED:  March 1, 2012.

_____
UNITED STATES DISTRICT JUDGE